IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                                                    No. 11-cr-40008-JPG

TAMMY R. THOMAS,

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Tammy R. Thomas' *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 93).   The Federal Public Defender's Office was invited to enter an appearance pursuant to Administrative Order 167 but has declined to do so.

Thomas pled guilty to an indictment alleging one count of conspiracy to distribute and possess with intent to distribute crack cocaine and three counts of distribution of crack cocaine. At sentencing on July 7, 2011, the Court found by a preponderance of the evidence that Thomas' relevant conduct was at least 28 grams but less than 112 grams of crack cocaine, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 26.   Her offense level was reduced by three points under U.S.S.G. § 3E1.1(a) because Thomas timely demonstrated acceptance of responsibility for her offense.   This established a total offense level of 23 which, considering Thomas' criminal history category of III, yielded a sentencing range of 57 to 71 months in prison for the distribution counts and, because of a statutory mandatory minimum sentence, a range of

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2010 U.S.S.G.

120 months for the conspiracy count.   The Court imposed a sentence of 120 months for the conspiracy count and a sentence of 57 months for each distribution count, all to run concurrently.

Thomas now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower her sentence for conspiracy (she has already served more time than was imposed for the distribution counts).   Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.   The relevant parts of Amendment 782 are retroactive.   *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.   If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.   *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   It is true that Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower the defendant's base offense level to 24, thus her total

offense level to 21, where her sentencing range would have been 46 to 57 months had she not been subject to a mandatory minimum sentence.   However, Amendment 782 did not change the fact that the defendant was subject to a mandatory minimum sentence of 120 months, which would establish her guideline range as 120 months under U.S.S.G § 5G1.1(b).   Since a range of 120 months is not lower than the range of 120 months actually used at sentencing for the conspiracy count, the defendant's sentencing range has not been lowered.

Had the Government moved for a reduction below the mandatory minimum sentence based on the defendant's substantial assistance, the Court would have been able to disregard the mandatory minimum sentence when determining the amended guideline range, and the defendant would have been eligible for a sentence reduction.   *See* U.S.S.G. § 1B1.10(c).   However, the Government made no such motion in this case.   Accordingly, the Court finds the defendant's guideline range has not been lowered by Amendment 782, and she cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** the defendant's *pro se* motion (Doc. 93).

**IT IS SO ORDERED.**
**DATED:   August 4, 2016**


s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**